**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

ROBERT J. STEARN, JR. and )
SHAZMIN K. STEARN, )
                          )
        Petitioners, )
                          )
        v. )      C.A. No. 2024-0187-LM
                          )
BARBARA T. DEWSON, )
individually and in her capacity as )
executor of the Estate of Timothy J. )
Dewson, the DEWSON )
CONSTRUCTION COMPANY, )
a Delaware Corporation, )
JOHN P. MCMAHON, and the )
ESTATE OF MARGARET K. )
DEWSON, )
                          )
        Respondents. )

# **O R D E R**

WHEREAS, on February 29, 2024, Robert J. Stearn, Jr. and Shazmin K. Stearn, as husband and wife, (hereinafter, "Petitioners"), filed a petition to remove executor pursuant to 12 Del. C. §1541.[1]

WHEREAS, the Respondents are Barbara T. Dewson, Dewson Construction Company, John P. McMahon, and the Estate of Margaret K. Dewson (collectively, the "Respondents").[2]

---

[1] Docket Item ("D. I.") 1.

[2] *Id.*

WHEREAS, The petition alleges that Barbara T. Dewson, the wife of Timothy J. Dewson (hereinafter, the "Decedent") and Executor of the Estate of Timothy J. Dewson (hereinafter, the "Estate"), failed to properly address, evaluate and pay Petitioners' claim filed against the Estate in the amount of five million dollars, before distributing funds to an unsecured creditor that has no priority, ultimately leaving the Estate with insufficient funds.[3]

WHEREAS, in accordance with the petition, on December 29, 2021, Petitioners submitted a claim against the Estate of Timothy J. Dewson (hereinafter, the "Estate") in the amount of approximately five million dollars ($5,000,000).[4] Specifically, Petitioners' claim against Decedent's Estate derives from Decedent's alleged "personal participation in fraudulent, unlawful, intentional, reckless and negligent conduct" toward Petitioners in connection with the renovation and construction of their residence at 607 Old Kennett Road, Wilmington, DE 19807.[5]

WHEREAS, the Respondents moved to stay this action in favor of an ongoing civil matter in the Superior Court of Delaware captioned *Robert J. Stearn, Jr. and Shazmin K. Stearn v. Dewson Construction Company, Inc. and the Estate of Timothy J. Dewson (c/o Barbara T. Dewson, as executor),* C.A. No. N24C-02-297 EMD

---

[3] *Id.*

[4] *Id.*

[5] D. I. 4, Exhibit A (showing the 185-page draft complaint against both Decedent and Dewson Construction Company setting forth the details of the claim).

CCLD ("the Superior Court Action") that addresses the underlying issues between the parties.[6]

WHEREAS, as a basis for this motion to stay, Respondents rely upon *RSMBDBB Holdings v. Atlos-BNA Investors*, analogously finding that if the Petitioners were to lose in the Superior Court action, this matter before me would essentially become moot, and there would lack a credible basis for the Estate's reservation of funds.[7] Therefore, Respondents conclude that staying this case in favor of the Superior Court action, to decide whether Petitioners' claim against the Estate has merit, will provide a much more efficient basis to continue and address the claim remaining in this Court, thereafter.[8]

WHEREAS, Petitioners opposed the motion to stay, primarily arguing that the question about whether the Executor and other Respondents depleted the estate in violation of the Executor's fiduciary duties, does not overlap with the Superior Court Action.[9]

WHEREAS, in the interest of "comity and the necessit[y] of an orderly and efficient administration of justice," a "stay may be warranted [. . .] by facts and circumstances sufficient to move the discretion of the Court; that such discretion

---

[6] D. I. 4; D. I. 6.

[7] 2018 Del. Ch. LEXIS 1204, at *1 (Del. Ch. July 27, 2018).

[8] D. I. 4.

[9] D. I. 7.

should be exercised freely in favor of the stay when there is a prior action pending elsewhere, in a court capable of doing prompt and complete justice, involving the same parties and the same issues; that, as a general rule, litigation should be confined to the forum in which it is first commenced."[10]

WHEREAS, "this court has broad discretion to issue a stay"[11] and "possesses the inherent power to manage its own docket, including the power to stay litigation on the basis of comity, efficiency, or simple common sense[;]"[12]

WHEREAS, oral argument was held on the Motion on July 19, 2024.[13]

**IT IS HEREBY ORDERED**, this 25th day of September 2024, as follows:

1. The Respondents' Motion to Stay this action in favor of the Superior Court action is **DENIED**. Utilizing the factors outlined in *McWane,* it is undisputed that the parties are simultaneously engaged in two actions in two separate courts involving the same parties. There is also no question that the Superior Court is

---

[10] *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Engineering Co.*, 263 A.2d 281, 283 (1970) (holding to stay the Delaware action because "the contract was executed in Alabama; the construction project [was] in Alabama; the law of Alabama governs; there is no contact with Delaware except that *McWane* is incorporated here; and the parties have available in the Alabama action all the discovery, pretrial, and trial advantages they would have in the Superior Court of Delaware for a speedy, just, and complete disposition of the claims of both parties to the controversy).

[11] *Harmon 1999 Descendants' Tr. v. CGH Inv. Mgmt., LLC*, 2021 WL 4270220, at *3 (Del. Ch. Sept. 21, 2021) (citations omitted).

[12] *Paolino v. Mace Sec. Int'l, Inc.*, 985 A.2d 392, 397 (Del. Ch. 2009).

[13] D. I. 14.

capable of rendering prompt and complete justice. The factor in *McWane* I find to be in question is whether the Superior Court Action, which was filed first, involves the same issues as the matter pending in this Court, which would strongly support a stay. It is clear that the Superior Court Action and the matter pending before me stem from the Petitioners' decision to hire Dewson Construction Company to perform renovations on their home.  However, each matter independently deals with a different legal issue as a result of those renovations. The Plaintiffs in the Superior Court Action are seeking a determination of whether the Defendants owe damages to the Plaintiffs because of the renovations to their home, and the amount of those damages. This action is asking the Court to look into the executor's handling of the estate, the estates denial of the Petitioners claim, whether the executor violated her statutory and fiduciary duties in administering the estate, along with the Respondents participation with those actions. Although there are some factual similarities and the parties are the same, the legal issues differ. As such the Respondents' request for a stay is **DENIED.**

2.     The Parties shall submit a joint scheduling order for discovery within 30 days of the date of this Order. If the parties are not able to come to an agreement on a joint scheduling order, competing scheduling orders may be submitted for the Court's consideration.

3.     The proposed case scheduling order shall omit the date for an evidentiary hearing and include a date for a status conference to be held within 60 days of the close of discovery. The purpose of the status conference is for the Court to receive an update on the Superior Court Action and to discuss the timing for an evidentiary hearing to address the claims in the Petition.

4.     This is a final report and exceptions may be taken pursuant to Court of Chancery Rule 144.

**IT IS SO ORDERED.**

/s/ *Loren Mitchell*
Magistrate in Chancery